**Benny Ray BAILEY and Nikki Bailey, Plaintiffs,**

v.

**COLUMBIA GAS TRANSMISSION CORP., et al., Defendants.**

**Civil Action No. 93–42.**

United States District Court, E.D. Kentucky.

Feb. 26, 1996.

**1028**

Randy G. Slone, Jerry W. Slone, Weinberg & Campbell, Hindman, KY, for plaintiffs.

John Armstrong West, Margaret A. Miller, Benjamin D. Crocker, Greenebaum, Doll & McDonald, P.L.L.C., Lexington, KY, for Columbia Gas Transmission Corporation, and Columbia Gas of Kentucky, Inc.

Donald L. Jones, Wells, Porter, Schmitt & Jones, Paintsville, KY, Niles Brian Cumbo, Inez, KY, for Valley Rental, Inc. and Valley Pipeline, Inc.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The defendants, Columbia Gas Transmission Corporation, Eastern Kentucky Pipeline, and Columbia Gas of Kentucky, Inc., by and through counsel, having moved for summary judgment [Record Nos. 96, 98], and being fully briefed, this matter is ripe for decision.

### FACTUAL BACKGROUND

The plaintiffs [Baileys] brought this action in the Knott Circuit Court on January 5, 1993, against Columbia Gas Transmission Corporation [TCO], Columbia Gas of Kentucky, Inc. [Columbia Gas], and Eastern Kentucky Pipeline, Inc. TCO removed the action on January 27, 1993, pursuant to 28 U.S.C. §§ 1334(b), 1452(a). Eastern Kentucky Pipeline, Inc. was dismissed from the action on August 1, 1995, at which time Valley Rental, Inc., and Valley Pipeline, Inc. [collectively as Valley] were substituted as defendants. Thus, Eastern Kentucky Pipelines Inc's motion for summary judgment must be considered moot.

By written agreement dated August 24, 1935, Hiram Howard and M. Howard, predecessors in interest and title of the Baileys, granted Warfield Natural Gas Co., predecessor in interest of TCO, a right-of-way over their property.[1] TCO has operated a ten inch gas transmission pipeline, designated as line PM–3, across the easement since 1935. Line PM–3 collects gas from over three hundred [300] gas wells from numerous producers in Letcher, Knott, and Floyd counties and transmits the gas to the Boldman compressor station in Pike County, Kentucky.

The controlling easement defines TCO's rights and obligations as follows:

> [t]he right to lay, maintain, operate, and remove a pipeline for the transportation of gas … with the right of ingress and egress to and from the same.

> The Grantee is further granted the right at any time within ten (10) years from the date hereof to lay additional lines of pipe along side of the first line herein…. Also where necessary and convenient Grantee may haul over the above described lands such pipe and material needed in the construction of the lines on adjoining lands.

> Grantee further agrees to pay for any damages that may arise from the maintenance, operation and removal of said lines.

In February 1992, TCO offered to buy an additional easement from the Baileys, approximately three feet north and directly parallel to the location of the existing easement. TCO attempted to purchase the additional easement so that the PM–3 line could be replaced without the interruption of service. The Baileys refused to grant TCO the easement. By and through Valley, TCO removed the existing PM–3 line, and replaced it with a new line. TCO asserts that service by the PM–3 line was interrupted. It is undisputed that Valley was under the supervision and direction of TCO at all times relevant to this action.

At the time Valley arrived upon the Baileys' property to lay the new line, Mrs. Bailey asked the workers to leave. The construction crew left at that time, but returned the next day and proceeded to work. Mr. Bailey testified that he made it clear to TCO on many occasions previously, he did not want the new pipeline on his property at all.

---

1. The right-of-way granted is an easement and will be referred to as such herein.

The Baileys contend that TCO proceeded to lay the new pipeline precisely where proposed, despite the fact that it was unable to obtain a new easement. The Baileys further contend that the defendants: (1) cut a fifty [50] foot strip of timber across the property, causing two land slides on the property; (2) "tore up" the road leading to the Baileys' garden; (3) caused damage to a boat stored upon the property; and (4) repeatedly trespassed over the private driveway on the property. The Baileys allege that the damage caused by TCO is in excess of 30,000.00, that figure not including the value of the fifty [50] foot strip allegedly misappropriated by the defendants.

### REQUIREMENTS FOR SUMMARY JUDGMENT

Federal summary judgment practice is the product of three decisions handed down by the United States Supreme Court in 1986. *See, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). *Street* appraised the impact of the three cases, concluding with the following principles for summary judgment practice:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: "whether the evidence presents a sufficient dis-agreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respon-dent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

886 F.2d at 1479–80.

### DISCUSSION

By order dated March 31, 1995, this Court denied TCO's first motion for summary judgment, finding that a question of fact existed as to whether TCO's activities upon the Baileys property fell within the scope of the easement granting it the right to maintain the existing pipeline. Specifically, the Court found that there was a question regarding whether TCO replaced the existing pipeline, or relocated the new line outside the parameters of the existing easement.

■ The Baileys contend that the question previously defined by the Court remains unanswered. TCO argues that there is no question that it replaced the existing pipeline within the scope of the easement. TCO asserts that as it is undisputed that it inter-

rupted service to the PM–3 pipeline, and that it replaced the pipeline within the old trench, it cannot be seriously argued that it relocated the pipeline.

■ Where the width of an easement is unspecified, it will be deemed to be only so much as reasonably necessary for the enjoyment of the easement without being unduly burdensome to the Grantor. *See, Tenneco, Inc. v. May*, 377 F.Supp. 941 (E.D.Ky.1974). The Baileys do not contend that three feet to the north and parallel to the existing pipeline is an unreasonable width to use in order to maintain the existing pipeline. They argue instead, that TCO "relocated" the pipeline.

The basis for the Court's order dated March 31, 1995, was the existence of a question of fact arising from the Baileys contention that "TCO dug a new trench, laid a new line, then removed the old line." [Record No. 34]. The Baileys continue to contend that the intrusiveness of TCO's activities was beyond the scope of the easement. Depositions taken during discovery, however, indicate otherwise. The Court now sees that the assertion that "TCO dug a new trench" and the fact that a trench was dug so to remove and replace the existing pipeline, are as analogous as apples and oranges.

Rodger Hicks [Hicks], Glover Spencer [Spencer] and Conrad Prater [Prater] worked to remove and replace the pipeline on the Baileys' property. The men agree that the trench housing the new pipeline is deeper than the old trench because federal regulations now require a three foot covering on ten inch pipelines. They also agree that the pipe was exposed in various areas on the Baileys' property. Moreover, Spencer testified that although the new trench was "about the width of a bucket on a backhoe", the trench was dug "straight down on top of the pipes." Spencer stated that where possible, the old pipeline was lifted out of the trench, and was not taken out "sideways". Spencer testified that in order to lift a pipe out sideways, "you would have to dig a ditch five feet or more wide to get it out." Spencer maintained at all times that the trench housing the new pipeline is where the old trench was, or directly below the pipeline where the pipe was exposed, and no wider than the width of a backhoe bucket. Prater's testimony is consistent with Spencer's recollections of the project.

In his first deposition Mr. Bailey testified that the new pipeline is approximately five feet to the north and several feet deeper than where the old pipeline was. Mr. Bailey later testified that he did not "see a new pipeline in the ditch." Mrs. Bailey testified that she cannot remember seeing the pipeline in the new trench.

This case exemplifies the necessity and usefulness of thorough discovery. The law is clear: where no width is defined, the grantee of an easement has a right to reasonable space needed to use the easement. In some circumstances, the reasonableness of the amount of "space" used may raise a question of fact. Such is not the case here. The easement is clear: TCO has the right to lay, maintain, operate and remove a pipeline for the transportation of gas. This court previously held that maintenance of the line included the removal and replacement of the line. The Baileys did not see the new line in the trench. They no longer assert that there are two trenches, but now attempt to convince the Court that the trench housing the old pipeline was widened so as to, in reality, create a "new" trench for the new line. The Baileys do not, however, contest the testimony of Hicks, Spencer and Prater, that the new trench is the width of a backhoe bucket.

Accordingly, it is clear that TCO, acting through Valley, replaced the PM–3 pipeline within the scope of the existing easement and no question of fact remains on this issue.

**IT IS ORDERED HEREIN,**

(1) That the motions of the defendants Columbia Gas Transmission, Inc., and Columbia Gas of Kentucky, Inc. for summary judgment [Record Nos. 96, 107] be, and the same hereby are, **GRANTED,** to the extent that the plaintiffs allege trespass in breach of the easement;

(2) That the motion of Eastern Kentucky Pipeline Inc. for summary judgment [Record No. 98] be, and the same hereby is, **DENIED AS MOOT,** as it is no longer a party to this action;

(3) That the instant order applies equally to Valley Rental, Inc., and Valley Pipeline, Inc., and therefore summary judgment is **GRANTED** to these parties as their liability is only as great as that of Columbia Gas Transmission, Inc. in regard to allegations of trespass in breach of the easement; and

(4) That the only remaining issue to be heard is that of damages to the plaintiffs' property.